IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RANDEL GIBSON, on Behalf of Himself and on Behalf of All Others Similarly Situated, | §<br>§<br>§ | |
| Plaintiff, | § | CIVIL ACTION NO. 3:18-cv-00157 |
| | § | JURY DEMANDED |
| v. | §<br>§ | |
| KESTREL FIELD SERVICES, INC., | § | |
| Defendant. | § | |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, Kestrel Field Services, Inc. ("Defendant"), files this *Defendant's Original Answer* in response to *Plaintiff's Original Complaint Collective Action & Jury Demand* ("Complaint") of Plaintiff, Randel Gibson ("Plaintiff" or "Gibson"), and would show the following:

### I. ANSWER

1.1.    Defendant denies the allegations in ¶ 1 of the Complaint.

1.2.    Defendant denies the allegations in the first sentence of ¶ 2 of the Complaint. The remainder of the allegations in ¶ 2 of the Complaint do not require a response, but to the extent they do, they are denied.

### SUBJECT MATTER JURISDICTION AND VENUE

1.3.    Defendant admits the Court is vested with jurisdiction pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 1331, as alleged in ¶ 3 of the Complaint.

1.4.    Defendant admits that venue is proper in the Southern District of Texas as alleged in ¶ 4 of the Complaint. Defendant denies the remainder of the allegations in ¶ 4 of the Complaint.

## PARTIES AND PERSONAL JURISDICTION

1.5.    Defendant admits Plaintiff (incorrectly named as "Randel Gibsom" in paragraph 5) is an individual who has performed work for Defendant within the last three years as alleged in ¶ 5 of the Complaint. However, Defendant lacks knowledge or information sufficient to form a belief about the truth of where Plaintiff currently resides and denies the remainder of the allegations in ¶ 5 of the Complaint.

1.6.    The allegations in ¶ 6 of the Complaint do not require a response, but to the extent they do, they are denied. Defendant denies collective action and/or conditional certification are appropriate in this case.

1.7.    Defendant admits the allegations in ¶ 7 of the Complaint.

## COVERAGE

1.8.    Defendant admits the allegations in  ¶ 8 of the Complaint.

1.9.    Defendant admits the allegations in ¶ 9 of the Complaint.

1.10.   Defendant admits the allegations in ¶ 10 of the Complaint.

1.11.   Defendant admits the allegations in ¶ 11 of the Complaint as to the three-year period preceding May 21, 2018.

1.12.   Defendant admits Plaintiff was engaged in commerce or in the production of goods for commerce as those terms are used in 29 U.S.C. § 207 but denies the remainder of the allegations in ¶ 12 of the Complaint.

## FACTS

1.13.   Defendant admits the allegations in ¶ 13 of the Complaint.

1.14.   Defendant admits Defendant employed Plaintiff from May 2017 through September 2017 but denies the remainder of the allegations in ¶ 14 of the Complaint.

1.15.   Defendant admits the allegations in ¶ 15 of the Complaint.

1.16.   Defendant denies the allegations in ¶ 16 of the Complaint.

1.17.   Defendant denies the allegations in ¶ 17 of the Complaint.

1.18.   Defendant denies the allegations in ¶ 18 of the Complaint.

1.19.   Defendant denies the allegations in ¶ 19 of the Complaint.

1.20.   Defendant denies the allegations in ¶ 20 of the Complaint.

1.21.   Defendant admits Plaintiff at times worked in excess of forty hours per workweek but denies the remainder of the allegations in ¶ 21 of the Complaint.

1.22.   Defendant denies the allegations in ¶ 22 of the Complaint.

1.23.   Defendant denies the allegations in ¶ 23 of the Complaint.

1.24.   Defendant denies the allegations in ¶ 24 of the Complaint.

1.25.   Defendant denies the allegations in ¶ 25 of the Complaint.

1.26.   Defendant denies the allegations in ¶ 26 of the Complaint.

1.27.   Defendant denies the allegations in ¶ 27 of the Complaint.

1.28.   Defendant admits the allegations in ¶ 28 of the Complaint.

1.29.   Defendant admits Plaintiff at times worked in excess of forty hours per workweek but denies the remainder of the allegations in ¶ 29 of the Complaint.

1.30.   Defendant admits some of its employees at times worked in excess of forty hours per workweek but denies the remainder of the allegations in ¶ 30 of the Complaint.

1.31.   Defendant denies the allegations in ¶ 31 of the Complaint.

1.32.   Defendant denies the allegations in ¶ 32 of the Complaint.

1.33.   Defendant denies the allegations in ¶ 33 of the Complaint.

1.34.   Defendant denies the allegations in ¶ 34 of the Complaint.

1.35.   Defendant denies the allegations in ¶ 35 of the Complaint.

1.36.   Defendant denies the allegations in ¶ 36 of the Complaint.

1.37.   The allegations in ¶ 37 of the Complaint are not factual but legal and do not require a response. To the extent a response is required, Defendant denies the allegations in ¶ 37 of the Complaint.

1.38.   Defendant lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in ¶ 38 of the Complaint.

1.39.   Defendant denies the allegations in ¶ 39 of the Complaint.

1.40.   Defendant denies the allegations in ¶ 40 of the Complaint.

1.41.   Defendant denies the allegations in ¶ 41 of the Complaint.

1.42.   Defendant denies the allegations in ¶ 42 of the Complaint.

1.43.   Defendant admits the referenced case pleaded violations of the FLSA as alleged but denies the remainder of the allegations in ¶ 43 of the Complaint.

1.44.   Defendant admits the court in the *Johnson* case never determined Defendant had misclassified the plaintiffs or violated the FLSA, and the action ended. Defendant denies the remainder of the allegations in ¶ 44 of the Complaint and/or they are immaterial and irrelevant to this action.

1.45.   Defendant admits the allegations in ¶ 45 of the Complaint.

1.46.   Defendant denies the allegations in ¶ 46 of the Complaint.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

1.47.   No response is necessary to the allegations in ¶ 47 of the Complaint. To the extent a response is required, Defendant denies the allegations in ¶ 47 of the Complaint.

1.48.   Defendant denies the allegations in ¶ 48 of the Complaint.

1.49.   Defendant denies the allegations in ¶ 49 of the Complaint.

## COLLECTION ACTION ALLEGATIONS

1.50.   No response is necessary to the allegations in ¶ 50 of the Complaint. To the extent a response is required, Defendant denies the allegations in ¶ 50 of the Complaint.

1.51.   Defendant denies the allegations in ¶ 51 of the Complaint.

1.52.   Defendant denies the allegations in ¶ 52 of the Complaint.

1.53.   Defendant denies the allegations in ¶ 53 of the Complaint.

1.54.   Defendant denies the allegations in ¶ 54 of the Complaint.

1.55.   Defendant denies the allegations in ¶ 55 of the Complaint.

1.56.   Defendant denies the allegations in ¶ 56 of the Complaint.

1.57.   Defendant denies the allegations in ¶ 57 of the Complaint.

1.58.   Defendant denies the allegations in ¶ 58 of the Complaint.

1.59.   Defendant denies the allegations in ¶ 59 of the Complaint.

1.60.   Defendant denies the allegations in ¶ 60 of the Complaint.

1.61.   Defendant denies the allegations in ¶ 61 of the Complaint.

1.62.   Defendant denies the allegations in ¶ 62 of the Complaint.

1.63.   Defendant denies the allegations in ¶ 63 of the Complaint.

1.64.   Defendant denies the allegations in ¶ 64 of the Complaint.

1.65.   Defendant denies the allegations in ¶ 65 of the Complaint.

1.66.    Defendant denies the allegations in ¶ 66 of the Complaint.

1.67.   Defendant denies the allegations in ¶ 67 of the Complaint.

1.68.   Defendant denies the allegations in ¶ 68 of the Complaint.

1.69.   No response is necessary to the allegations in ¶ 69 of the Complaint. To the extent a response is required, Defendant denies the allegations in ¶ 69 of the Complaint

## JURY DEMAND

1.70.   No response is necessary to Plaintiff's request for a jury trial in ¶ 70 of the Complaint.

## PRAYER

1.71.   No response is necessary to the Prayer in the Complaint. To the extent a response is required, Defendant denies that Plaintiff is entitled to any of the relief requested in ¶ 71 of the Complaint, including subparagraphs (a) through (d).

## II. DEFENSES

By listing the following defenses Defendant does not admit it has the burden of proof on the issue:

2.1.     Plaintiff has failed to state a claim upon which relief may be granted.

2.2.     Plaintiff's claims, and the claims of those who may subsequently join or opt-in to this lawsuit, are covered by arbitration agreements. This action should be stayed, and Plaintiff should be compelled to arbitrate his claims.

2.3.     The arbitration agreements applicable to this case do not permit the adjudication of class actions or collective actions.

2.4.     Although Defendant denies liability, to the extent any violations of the FLSA are found, Plaintiff is not entitled to liquidated damages because, at all times relevant to this lawsuit, Defendant acted in good faith and had reasonable grounds for believing it did not violate the law.

2.5.     Defendant did not engage in willful conduct within the meaning of the FLSA.

2.6.     Defendant affirmatively pleads Plaintiff's claims and the claims of those allegedly similarly situated, are barred in whole or in part by the applicable limitations period.

2.7.     Plaintiff's claims are barred in whole or in part because of the administrative and/or executive exemption. *See* 29 U.S.C. § 213(a)(1).

2.8.    Plaintiff's claims are barred in whole or in part because, on an annualized basis, he is deemed exempt as a highly compensated employee who customarily and regularly performed any one or more of the exempt duties or responsibilities of an executive, administrative, and/or professional employee.

2.9.    Plaintiff is unable to demonstrate this case should proceed as a collective action.

2.10.   Plaintiff and the potential plaintiffs he purports to represent are not similarly situated.

2.11.   Defendant asserts the defense of offset.

2.12.   Although Defendant denies liability, the claims of Plaintiff are further barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in (i) walking, riding, or traveling to and from the actual place he performed the principal activities he was employed to perform, or (ii) activities which were preliminary or postliminary to his principal activities.

2.13.   In addition to the foregoing defenses, Plaintiff's claims may be subject to additional defenses, which may become apparent in the course of discovery. Defendant reserves the right to seek amendment of this answer as may be necessary in the future.

## PRAYER

WHEREFORE, Defendant Kestrel Field Services, Inc. requests Plaintiff Randel Gibson's claims against it be dismissed; that Plaintiff take nothing herein; and that Defendant Kestrel Field Services, Inc. be awarded its costs and such other relief to which it may be justly entitled.

Respectfully submitted,

FIDDLER & ASSOCIATES, P.C.

/S/ **G. SCOTT FIDDLER**

_____
G. SCOTT FIDDLER
*Attorney-in-Charge*
SBOT #06957750
FID #12508
scott@fiddlerlaw.com
ANDREW W. REED
*Of Counsel*
SBOT #24074935
FID #1140192
areed@fiddlerlaw.com
1004 Congress, 3rd Floor
Houston, Texas 77002
Tel:    713-228-0070
Fax:    713-228-0078

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document will be automatically accomplished through the notice of electronic filing in accordance with the Federal Rules of Civil Procedure on this the 11th day of July 2018, to the following:

Beatriz Sosa-Morris, Esq.
bsosamorris@smnlawfirm.com
John Neuman, Esq.
jneuman@smnlawfirm.com
Sosa-Morris Neuman
Attorneys at Law
5612 Chaucer Drive
Houston, Texas 77005

/S/ **G. SCOTT FIDDLER**

_____
G. SCOTT FIDDLER